## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:                           )         CASE NO: **17-40267**

**Elihu Gillespie, Jr.**        )

                               )         Chapter 13

SSN(s): **xxx-xx-7525**       )

**1701 Duck Cove Dr.**        )

**Aubrey, TX 76227**         )

                               )

                *Debtor(s)*        )

## ORDER CONFIRMING CHAPTER 13 PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, The Court finds:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2. All scheduled creditors have been served with a copy of the Debtor's Plan or summary thereof in accordance with Rule 3015; and

3. The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative

    a. The Plan provides that the holder of such claim retain the lien securing such claim; and

    b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

    c. The Debtor has surrendered or abandoned the collateral securing such claim; or

    d. The treatment of the claim complies with 11 U.S.C. § 1322(b)

## IT IS THEREFORE ORDERED THAT:

1. The Debtor's Plan dated _____**7/21/2017**_____ as filed or as amended is CONFIRMED subject to the allowance of claims herein and the Trustee's Recommendation Concerning Claims which shall be filed within 30 days of the latter of entry of this Order or the deadline for all creditors (including a government unit) to file a claim. With respect to all claims allowed or not yet allowed at the time of execution of this Order, said claims are subject to the Trustee's Recommendation Concerning Claims as follows:

    I. (a). The Trustee, the Debtor, and the Debtor's attorney shall examine proofs of claim or summaries thereof and shall object to the allowance of improper claims as provided by Rule 3007.

    (b). The Trustee shall file and serve all parties in interest with the Trustee's Recommendation Concerning Claims within thirty (30) days of the latter of entry of this Order or the claim filing deadline for all creditors (including a government unit). Such Trustee's Recommendation Concerning Claims shall include the Trustee's objections to claims, if any, recommendations as to the extent and validity of each creditor's security interest, if any, and recommendations as to the value of any collateral not previously valued by the Court. The Trustee's Recommendation Concerning Claims shall be deemed to be an objection to claims, a motion to value any such collateral, and an action to determine the validity of each creditor's security interest or an action to avoid any such security interest as set forth therein.

    (c). Unless an objection or response is timely filed as to the treatment of any claim, the claim will be allowed only in the manner and amount listed in the Trustee's Recommendation Concerning Claims, and such treatment will be final and binding on all parties without further order of the Court.

Case No:   17-40267
Debtor(s):   **Elihu Gillespie, Jr.**

---

(d).  Responses or objections to the Trustee's Recommendation Concerning Claims must be filed within twenty (20) days from the date of service of the Trustee's Recommendation Concerning Claims.

(e).  The Trustee's Recommendation Concerning Claims shall additionally contain notice of the bar date for any additional objections to claims, which date is fixed at twenty (20) days following the date of service of the Trustee's Recommendation Concerning Claims.

II. (a).  The Chapter 13 Trustee shall review all claims and the feasibility of the Plan prior to filing the Trustee's Recommendation Concerning Claims. If at that time the Plan is no longer feasible, the Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If forty-five (45) days after the service of the Trustee's Recommendation Concerning Claims the Plan remains infeasible, the Trustee shall file a Motion to Modify the Plan and/or a Motion to Dismiss the case.

(b).  Further, if at any time during the term of the Chapter 13 case, a claim is allowed which makes the Plan infeasible, the Chapter 13 Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If the Plan remains infeasible for forty-five (45) days after such notice, the Trustee shall file a Motion to Modify the Plan and/or an alternative Motion to Dismiss the case.

III. At the time of the issuance of an Order Confirming a Plan in this case, the time for filing claims in this case may not have expired. Consequently, the Court specifically reserves the right in the future to:

(a).  Alter or sustain an objection to the secured status of a claim filed as secured either before or after the entry of this Order Confirming Plan, and value the collateral securing any such claim to the extent not previously valued herein or otherwise by the Court;

(b).  Enter a Final Order after notice and hearing on any responses or objections to the Trustee's Recommendation Concerning Claims, and on any additional objection(s) to claims timely filed by a party in interest;

(c).  At any time during the pendency of this case, entertain a motion to alter or sustain an objection to the secured status of a claim filed as secured after the bar date for filing claims has expired, or to value the collateral securing any such claim to the extent not previously valued by the Court.

(d).  Reduce, if necessary to ensure compliance with LBR 2016(h), the amount of attorney fees to the debtor's attorney due to the absence of a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

IV. All creditors having allowed secured claims (whether filed before or after an Order Confirming Plan is entered) shall be treated in accordance with section 1325(a) (5), except as otherwise specifically set forth herein. The collateral securing creditor's claims provided for under the Debtor's Plan is hereby valued by the Court at the values set forth below.

(a).  When the value of the collateral securing a timely filed proof of claim of any taxing authority differs from the value shown on the Debtor's Plan, the Trustee will use the value shown on the creditor's proof of claim. All parties will be noticed of this valuation through the Trustee's Recommendation Concerning Claims and disputed valuations may be resolved by the Court, by agreement or objection.

(b).  In those instances where no objection was filed to Confirmation of the Debtor's Plan contesting the Debtor's valuation of collateral securing a creditor's claim. The value of such collateral is fixed at the values provided in the Debtor's Plan.

(c).  In those instances, if any, where an objection was filed to the treatment of a creditors claim, including the valuation of collateral as provided in the Debtor's Plan, the Court through this order hereby determines the treatment shall be as set forth in exhibit 'A' attached, if any.

(d).  In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral which was not specified by the Plan and not previously valued by the Court, such collateral will be valued by the Court at the value set forth in the Trustee's Recommendation Concerning Claims to be filed herein, unless a response to such Trustee's Recommendation Concerning Claims is timely filed. Such Trustee's Recommendation Concerning Claims is to be filed and served within thirty (30) days of the latter of entry of this Order or the deadline for filing proofs of claims herein (including a government unit). Responses to such Trustee's Recommendation Concerning Claims must be filed within the time and in the manner provided in such Trustee's Recommendation Concerning Claims.

Case No:   17-40267
Debtor(s):  **Elihu Gillespie, Jr.**

---

(e). The valuation of collateral by the Court as set forth above shall not relieve a secured creditor from the duty to file a proof of claim in order to be paid under the Plan. Further, such valuation shall not preclude any party from objecting to the amount claimed by any such creditor, or from bringing an action to determine the extent of validity of such creditor's security interest or to avoid any such security interest.

2. The Debtor(s) shall pay the sum of ____**Variable***____ per month for ____**60**____ payments together with any income Tax refunds that the debtor receives during the life of the plan for a total of ____**$33,590.00**____ to:

*\*If variable payments are indicated, see Exhibit "B" - Variable Plan Payments for the monthly amounts.*

    **Carey D. Ebert**
    **P.O. Box 628**
    **Tyler, TX 75710**

Beginning _____**3/7/2017**_____ and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or as set forth in the Trustee's Recommendation Concerning Claims.

3. The Trustee shall make disbursements pursuant to the provisions of the Plan, this Order, or as set forth in the Trustee's Recommendation Concerning Claims, Section 1326 of the Bankruptcy Code and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided for by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Court or the Standing Chapter 13 Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

☑  Check this box if Additional Provisions are attached

Signed on 10/06/2017

*Brenda T. Rhoades*    SD

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE

/s/ **Diane S. Barron**
*Diane S. Barron, Attorney for Debtor*

**8/23/2017**
Date

/s/ **Carey D. Ebert**
*Carey D. Ebert, Chapter 13 Trustee*

**8/23/2017**
Date

Case No:   17-40267
Debtor(s):   **Elihu Gillespie, Jr.**

---

### Additional Provisions of the Plan

Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 U.S.C. 586(e)(2) in the percentage amount as fixed by the United States Trustee.

Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning Claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

Except as provided in plan, Debtor(s) to pay all property taxes direct, unless escrowed by mortgage company and in that case, mortgage company is to pay property taxes directly.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:  **Elihu Gillespie, Jr.**                                                CASE NO   **17-40267**

*Debtor(s)*                                                CHAPTER   **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month / Due Date | Payment | | Month / Due Date | Payment | | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|
| 1  03/07/2017 | $448.00 | | 21  11/07/2018 | $570.00 | | 41  07/07/2020 | $570.00 |
| 2  04/07/2017 | $448.00 | | 22  12/07/2018 | $570.00 | | 42  08/07/2020 | $570.00 |
| 3  05/07/2017 | $448.00 | | 23  01/07/2019 | $570.00 | | 43  09/07/2020 | $570.00 |
| 4  06/07/2017 | $448.00 | | 24  02/07/2019 | $570.00 | | 44  10/07/2020 | $570.00 |
| 5  07/07/2017 | $448.00 | | 25  03/07/2019 | $570.00 | | 45  11/07/2020 | $570.00 |
| 6  08/07/2017 | $570.00 | | 26  04/07/2019 | $570.00 | | 46  12/07/2020 | $570.00 |
| 7  09/07/2017 | $570.00 | | 27  05/07/2019 | $570.00 | | 47  01/07/2021 | $570.00 |
| 8  10/07/2017 | $570.00 | | 28  06/07/2019 | $570.00 | | 48  02/07/2021 | $570.00 |
| 9  11/07/2017 | $570.00 | | 29  07/07/2019 | $570.00 | | 49  03/07/2021 | $570.00 |
| 10  12/07/2017 | $570.00 | | 30  08/07/2019 | $570.00 | | 50  04/07/2021 | $570.00 |
| 11  01/07/2018 | $570.00 | | 31  09/07/2019 | $570.00 | | 51  05/07/2021 | $570.00 |
| 12  02/07/2018 | $570.00 | | 32  10/07/2019 | $570.00 | | 52  06/07/2021 | $570.00 |
| 13  03/07/2018 | $570.00 | | 33  11/07/2019 | $570.00 | | 53  07/07/2021 | $570.00 |
| 14  04/07/2018 | $570.00 | | 34  12/07/2019 | $570.00 | | 54  08/07/2021 | $570.00 |
| 15  05/07/2018 | $570.00 | | 35  01/07/2020 | $570.00 | | 55  09/07/2021 | $570.00 |
| 16  06/07/2018 | $570.00 | | 36  02/07/2020 | $570.00 | | 56  10/07/2021 | $570.00 |
| 17  07/07/2018 | $570.00 | | 37  03/07/2020 | $570.00 | | 57  11/07/2021 | $570.00 |
| 18  08/07/2018 | $570.00 | | 38  04/07/2020 | $570.00 | | 58  12/07/2021 | $570.00 |
| 19  09/07/2018 | $570.00 | | 39  05/07/2020 | $570.00 | | 59  01/07/2022 | $570.00 |
| 20  10/07/2018 | $570.00 | | 40  06/07/2020 | $570.00 | | 60  02/07/2022 | $570.00 |

# WILCOX LAW, PLLC

P.O. Box 201849
Arlington, Texas 76006

- - - - -

2201 N. Collins St., Suite 210B
STEPHEN G. WILCOX                  Arlington, Texas 76011

- - - - -

817-870-1181 (fax)
817-870-1694 (direct)
swilcox@wilcoxlaw.net

August 31, 2017

**VIA EMAIL**
ecffiling @rbarronlaw.com
Diane Barron
660 N. Central Expy, Ste. 101
Plano, TX 75074

### RE: ELIHU GILLESPIE, JR.; CASE NO. 17-40267-BTR-13

Dear Ms. Barron:

We filed an Objection to Confirmation on behalf or our client, Prestige Financial Services ("Creditor"), with regard to the 2008 Honda Accord, vehicle identification number 1HGCP25758A027096, Account Number ending in 5399. We can resolve the objection if you agree to the following:

1.      Creditor has a 910 day claim in the amount of $13,839.84 which will be paid in full through the Chapter 13 Plan at 6.25% interest. Any value set out in the Chapter 13 Plan will not be binding on Creditor for any purpose. Creditor shall retain its lien on the collateral described herein until the payment in full of the underlying debt owed to Creditor determined under non-bankruptcy law or the discharge of the Debtor(s) under 11 U. S.C. §1328, whichever is earlier.

2.      Notwithstanding any other provision to the contrary in Debtors' Plan or the confirmation order, Creditor shall receive adequate protection payments of $50.00 to be paid in months 1-6. Thereafter, beginning in month 7, Creditor will receive set and equal payments of at least $359.76 each consecutive month, until the allowed secured claim is paid in full. All payments to Creditor shall be paid prior to any monthly disbursement on any administrative or priority claims save and except the Chapter 13 Trustee's commission. Month one is defined as the first month a payment is due to the Trustee pursuant to 11 U.S.C. §1326(a)(1).

If this is agreement is acceptable, please sign below and return this letter to me as soon as possible. Additionally, please present the signed letter agreement to the Chapter 13 Trustee to attach to the Confirmation Order. Thank you very much.

Sincerely yours,

*Steve Wilcox*

Stephen G. Wilcox

_____
Diane Barron
8058-00585-425753